# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2007

Charles R. Fulbruge III
Clerk

No. 06-40467

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERTO MORALES-MARTINEZ

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, GARZA, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

The defendant, Roberto Morales-Martinez ("Morales-Martinez"), pleaded guilty to illegal re-entry in violation of 8 U.S.C. § 1326(a). The district court applied a sentencing enhancement after finding that Morales-Martinez has a prior conviction for a drug trafficking offense; Morales-Martinez had previously pleaded guilty to a state charge for delivery of cocaine. Morales-Martinez challenges this enhancement, arguing that his guilty plea in the prior state court conviction did not admit to the facts establishing a drug trafficking offense.

I

Morales-Martinez is a citizen of Mexico. In October 2005, agents of the Bureau of Customs and Border Protection ("CBP") encountered Morales-

Martinez as he walked north along a highway near a CBP inspection station. Morales-Martinez identified himself as a Mexican national with no legal status in the United States. The CBP agents then arrested him. During processing at the CBP station, the agents found that, in 1993, Morales-Martinez had been convicted of delivery of cocaine, a felony in violation of § 481.112 of the Texas Health and Safety Code. The agents also learned that Morales-Martinez had served twelve years of incarceration on this prior conviction, and that he was deported after serving the sentence in March 2005.

During a re-arraignment hearing, Morales-Martinez was charged with and pleaded guilty to illegal re-entry following deportation. 8 U.S.C. § 1326(a). At sentencing, the district court applied United States Sentencing Guideline ("U.S.S.G.") § 2L1.2 (2005), which provides for a base offense level of eight. Further, finding that Morales-Martinez's prior conviction for delivery of cocaine was a "drug trafficking offense for which the sentence imposed exceeded 13 months," the district court applied a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i), which carries a sixteen-level increase. Morales-Martinez objected to the increase, arguing that his prior conviction was not a drug trafficking offense within the meaning of the Guidelines; the district court overruled this objection. The district court also applied a three-level reduction for acceptance of responsibility, under U.S.S.G. § 3E1.1(a) and (b), for a total offense level of 21. With a criminal history category of III, Morales-Martinez was given a Sentencing Guideline range of 46-57 months imprisonment. The district court sentenced Morales-Martinez to 54 months imprisonment and three years supervised release.

Morales-Martinez timely filed his notice of appeal and challenges the sixteen-level sentencing enhancement and the constitutionality of 8 U.S.C. § 1326(b).

II

A

Because Morales-Martinez preserved the error by objecting at sentencing, we review the district court's interpretation of the Sentencing Guidelines de novo. United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997). Morales-Martinez does not challenge the fact that he was previously convicted of delivery of cocaine, but rather challenges the classification of that conviction as a drug trafficking offense. United States v. Sanchez-Ruedas, 452 F.3d 409, 412 (5th Cir. 2006).

Although, when classifying a prior conviction, a district court is generally limited to applying the categorical approach set forth in United States v. Taylor, 495 U.S. 575, 602 (1990), "[t]his court has held that the determination of whether a 'drug trafficking offense' was committed falls into the narrow range of cases where the court may consider information other than the statutory definition of the offense." United States v. Garza-Lopez, 410 F.3d 268, 273 (5th Cir. 2005) (citing United States v. Rodriguez-Duberney, 326 F.3d 613, 616-17 (5th Cir. 2003)). Therefore, "[w]hen determining whether a prior offense is a drug-trafficking offense, the court may also consider documents such as the charging instrument and the jury instructions." United States v. Gonzales, 484 F.3d 712, 714 (5th Cir. 2007) (citing Garza-Lopez, 410 F.3d at 273).

Morales-Martinez pleaded guilty to delivery of cocaine under § 481.112 of the Texas Health and Safety Code. The statute defines "deliver" broadly: "'Deliver' means to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia, regardless of whether there is an agency relationship. The term includes offering to sell a controlled substance, counterfeit substance, or drug paraphernalia." Tex. Health & Safety Code § 481.002(8). Because "deliver" is defined so broadly, we recently held, "The statutory definition of delivery of a controlled substance in Texas, as

defined by section 481.112 of the Texas Health and Safety Code, encompasses activity that does not fall within section 2L1.2's definition of 'drug trafficking offense'")) namely because "offering to sell a controlled substance lies outside section 2L1.2's definition of 'drug trafficking offense.'" Gonzales, 484 F.3d at 714.

Because the statutory language encompasses both conduct that does constitute a drug trafficking offense (transferring cocaine) and conduct that does not (offering to sell cocaine), the district court may further rely on a "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Garza-Lopez, 410 F.3d 268, 274 (5th Cir. 2005) (citing Shepard v. United States, 544 U.S. 13, 16 (2005)). In this case, we only have the charging document, an indictment, which relevantly states, "Roberto Morales Martinez . . . did unlawfully, knowingly and intentionally deliver, to-wit: actually transfer, constructively transfer, and offer to sell a controlled substance, to-wit: COCAINE in an amount by aggregate weight, including any adulterants or dilutants of less than 28 grams . . . ." (emphasis added).

Although the allegations are presented in the conjunctive, indicating that Morales-Martinez was being charged with actually transferring, constructively transferring, and offering to sell cocaine, Morales-Martinez argues that his guilty plea does not necessitate a finding that he performed each of the three versions of the offense.

We addressed a similar issue in Gonzales, where we stated that "'[a] disjunctive statute may be pleaded conjunctively and proven disjunctively.'" Gonzales, 484 F.3d at 715 (citing United States v. Still, 102 F.3d 118, 124 (5th Cir. 1996)). Therefore, in Gonzales we found, "[E]ven though the indictment charged Gonzales with actually transferring, constructively transferring, and offering to sell a controlled substance, the jury could have convicted him based

4

on an offer to sell alone." Id. This fact was confirmed by the jury instructions which stated that the jury could convict Gonzales in the disjunctive. Id.

This case is slightly different from Gonzales, though, in that Morales-Martinez pleaded guilty rather than having a jury trial. As an initial matter, there are no jury instructions to further limit what we can draw from the fact of conviction. Moreover, the Government argues that Morales-Martinez's guilty plea admits to all the facts as they appear in the indictment; because the indictment was written in the conjunctive, the Government argues that Morales-Martinez's guilty plea admits that he both transferred and offered to sell cocaine. Therefore, the Government's argument treats the alternate means of committing the offense alleged in the indictment as facts to which Morales-Martinez admitted when he pleaded guilty.

There is some caselaw supporting the Government's argument that a guilty plea admits all of the facts in the charging document. See, e.g., United States v. White, 408 F.3d 399, 404 (8th Cir. 2005) ("'[W]hen a defendant pleads guilty he 'admits all of the factual allegations made in the indictment.'") (quoting O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988)); United States v. Tolson, 988 F.2d 1494, 1501 (7th Cir. 1993) ("[A] defendant who pleads guilty to an indictment voluntarily and with the assistance of counsel before a United States district court judge may not challenge the facts of the indictment on appeal."); cf. United States v. Broce, 488 U.S. 563, 570 (1989) ("By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.").

But not all courts apply this rule; other jurisdictions apply a narrower rule that treats a guilty plea as admitting only those material facts needed to support the conviction. See, e.g., United States v. Cazares, 121 F.3d 1241, 1246-47 (9th Cir. 1997) ("[A] plea of guilty admits the facts constituting the elements of the charge . . . . [A]llegations not necessary to be proved for a conviction - in this

5

case the overt acts - are not admitted by a plea."); see also Valansi v. Ashcroft, 278 F.3d 203, 216 (3d Cir. 2002) ("The use of the conjunctive in the indictment is 'to avoid uncertainty' only; just as the Government may obtain a conviction if 'only one of the several allegations linked in the conjunctive in the indictment is proven,' so may a defendant plead guilty to only one of the allegations required to prove an element of her crime."); cf. 1A Charles A. Wright, Federal Practice and Procedure § 175 (3d ed. 1999) ("The better rule is that the plea is an admission of only the facts essential to the conviction.").

Our own recent caselaw is not entirely clear on this point. See United States v. Mungia-Portillo, 484 F.3d 813, 815 n.1 (5th Cir. 2007) ("In Omari v. Gonzales, the court observed that indictments often conjunctively allege elements that are disjunctive in the corresponding statute and that 'this does not require . . . that a defendant admit to all of them when pleading guilty.' 419 F.3d 303, 309 n.10 (5th Cir. 2005). By contrast, in United States v. Still, the court stated that, when a defendant pleaded guilty to a conjunctive charge, he admitted both elements. 102 F.3d 118, 124-25 (5th Cir. 1996).").[1]

Because different jurisdictions have different rules, we must determine the effects of a guilty plea in the jurisdiction in which Morales-Martinez actually entered his guilty plea, namely Texas state courts. The weight of Texas caselaw reveals that Texas takes the narrower approach, treating a guilty plea as an admission of only those facts needed to support the conviction.[2] See, e.g., Carroll

---

[1] Still need not be read as being in tension with Omari. The analysis of the issue in Still is brief and the opinion does not reveal the actual nature of the defendant's plea) ) specifically whether his plea colloquy actually admitted to both means of committing the offense, which were alleged in the conjunctive, or whether the facts alleged in the indictment made the means of committing the offense inextricably intertwined, such that the defendant could not plead guilty to one of the means without pleading guilty to the other. Still, 102 F.3d at 125.

[2] The facts needed to support a conviction are those facts which the State is required to prove; this may, in some circumstances, be more than the mere elements of an offense. See Eastep v. State, 941 S.W.2d 130, 135 (Tex. Crim. App. 1997) ("Where the unnecessary

v. State, 975 S.W.2d 630, 631-32 (Tex. Crim. App. 1998) ("[W]here a defendant pleads guilty to a felony charge before a jury or judge, [the defendant] admits the existence of all facts necessary to establish guilt . . . ."); Brinson v. State, 570 S.W.2d 937, 938 (Tex. Crim. App. 1978) ("It is well established that a plea of guilty before a jury admits all the elements of the offense."); but see, e.g., Fairfield v. State, 610 S.W.2d 771, 776 (Tex. Crim. App. 1981) (suggesting that "the plea established the facts alleged by indictment").

The narrower rule is consistent with the Texas procedure for establishing guilt following a guilty plea. "[Tex. Code Crim. Proc. art. 1.15] requires that the State offer sufficient proof to support any judgment based on a guilty or nolo contendere plea to a felony case tried before the court. Under this statute evidence is received to support the judgment, not to accept a plea of guilty or nolo contendere." Ex parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); see also Tex. Code Crim. Proc. art. 1.15 ("[I]t shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."). The evidence presented by the State is the basis of the judgment. Because the State is only required to present evidence sufficient to support the conviction, the State need not present evidence that the defendant committed the offense according to each of the means alleged in the indictment. See Smith v. State, 135 S.W.3d 259, 263 (Tex. App.)) Texarkana [6th Dist.] 2004, no pet.) ("When a statute provides multiple means for the commission of an offense and those means are subject to the same

---

[allegation] is descriptive of that which is legally essential to charge a crime, the State must prove it as alleged though needlessly pleaded.") (internal citations omitted); see, e.g., Windham v. State, 638 S.W.2d 486, 487 (Tex. Crim. App. 1982) (requiring the State to prove that the defendant violated the statute by the specific means alleged in the indictment, namely committing attempted murder by shooting a gun).

punishment, the State may plead them conjunctively. However, the State is required to prove only one of the alleged means in order to support the conviction."). The Government has not now presented any evidence, such as the plea colloquy or other admissions by Morales-Martinez, indicating what evidence the State presented in Morales-Martinez's 1993 conviction or what evidence the Texas court relied on to support the conviction.

In this case, having nothing more than the fact of conviction and the charging document, we know only that the State offered some evidence sufficient to support conviction. The conviction, though, could have been supported if the State offered evidence that Morales-Martinez actually transferred, constructively transferred, or offered to sell cocaine. Therefore, we cannot determine, on the sole basis of Morales-Martinez's guilty plea and the above-described charging document, whether Morales-Martinez transferred cocaine or merely offered to sell cocaine.

Under the approach set forth in Taylor and Shepard, we must consider "whether an earlier guilty plea necessarily admitted, and supported a conviction for," the facts needed to apply a particular sentencing enhancement. Shepard, 544 U.S. at 16. Because neither the statutory language nor the charging document necessitates a finding that Morales-Martinez committed a drug trafficking offense, the district court erred by applying the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i).

B

Finally, Morales-Martinez challenges the constitutionality of the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2). The constitutionality of these provisions was upheld in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Almendarez-Torres is binding precedent unless overruled by the Supreme Court. Therefore, Morales-Martinez's argument is

foreclosed by precedent.  United States v. Mendez-Villa, 346 F.3d 568, 570-571 (5th Cir. 2003).

### III

Because the district court improperly calculated Morales-Martinez's Sentencing Guideline range by applying a sixteen-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i), we VACATE the sentence and REMAND for re-sentencing.