# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 06-20325

———

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ELMER ALEXANDER FUENTES also known as, Elmer Alexander Fuentez

Defendant - Appellant

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-413-ALL

———

Before HIGGINBOTHAM, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This case raises many of the same issues addressed in our recent opinion, United States v. Morales-Martinez, No. 06-40467, ___ F.3d ___ (5th Cir. Aug. 8, 2007). The defendant, Elmer Alexander Fuentes ("Fuentes"), pleaded guilty to illegal re-entry following deportation. 8 U.S.C. § 1326(a). The district court applied a sentencing enhancement based on Fuentes's prior conviction.

The relevant facts of this case are substantially similar to Morales-Martinez. In both cases, the defendant previously pleaded guilty to delivery of

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine under section 481.112 of the Texas Health and Safety Code, the charging document alleged that the defendant actually transferred, constructively transferred, and offered to sell cocaine,[1] and the Government does not now present any other Shepard documents indicating the nature of the prior offense. Id. at *3-4. And in this case, as in Morales-Martinez, the Government argues that the defendant's guilty plea admits to each of the theories of the offense alleged in the charging document, thereby establishing that the defendant actually transferred cocaine, as well as offered to sell cocaine. Id. at *5. We rejected that argument in Morales-Martinez, id. at *6-8, and we reject it here; because the conviction could have been supported by evidence that Fuentes actually transferred, constructively transferred, or offered to sell cocaine, we cannot say whether Fuentes transferred cocaine or merely offered to sell cocaine.

Based on this rejection of the Government's understanding of the guilty plea, in Morales-Martinez we held that the district court improperly enhanced the defendant's sentence by treating the prior conviction as a "drug trafficking

---

[1] In Fuentes's case, the charging document, a criminal information, relevantly states,

[I]n Harris County, Texas, ELMER ALEXANDER FUENTES, hereafter styled the Defendant, heretofore on or about August 20, 1999, did then and there unlawfully, intentionally and knowingly deliver by actual transfer to D. LAMBERT, a controlled substance, namely, COCAINE, weighing by aggregate weight, including any adulterants and dilutants, less than 1 gram.

It is further presented that in Harris County, Texas, ELMER ALEXANDER FUENTES, hereafter styled the Defendant, heretofore on or about August 20, 1999, did then and there unlawfully, intentionally and knowingly deliver by constructive transfer to D. LAMBERT, a controlled substance, namely, COCAINE, weighing by aggregate weight, including any adulterants and dilutants, less than 1 gram.

It is further presented that in Harris County, Texas, ELMER ALEXANDER FUENTES, hereafter styled the Defendant, heretofore on or about August 20, 1999, did then and there unlawfully, intentionally and knowingly deliver by offering to sell to D. LAMBERT, a controlled substance, namely, COCAINE, weighing by aggregate weight, including any adulterants and dilutants, less than 1 gram.

offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i). Id. at *8; United States v. Gonzales, 484 F.3d 712, 715 (5th Cir. 2007) (merely offering to sell cocaine is not a "drug trafficking offense"). Our holding in Morales-Martinez is not entirely dispositive of the issues in this case, though, because Fuentes's sentencing enhancement was based on the "aggravated felony" provision of § 2L1.2(b)(1)(C), rather than the "drug trafficking offense" provision of § 2L1.2(b)(1)(A)(i) at issue in Morales-Martinez. The "aggravated felony" provision is broader than the "drug trafficking offense" provision. See United States v. Calderon-Pena, 383 F.3d 254, 261 n.11 (5th Cir. 2004). As a result, we must additionally address the Government's argument that Fuentes's prior conviction is an "aggravated felony" even if it is not a "drug trafficking offense."

Specifically, the Government argues that Fuentes's criminal information reveals that he offered to sell drug paraphernalia, which can be an "aggravated felony." See 21 U.S.C. § 863(a)(1) ("It is unlawful for any person to sell or offer to sell drug paraphernalia.").[2] The Government contends that because the criminal information states that Fuentes "delivered" cocaine "weighing by aggregate weight, including any adulterants and dilutants, less than 1 gram," and because adulterants and dilutants may be considered drug paraphernalia, then Fuentes, at the very least, offered to sell drug paraphernalia. Cf. United

---

[2] The Government argues that offering to sell drug paraphernalia is an "aggravated felony" because the Guidelines incorporate the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43), which lists a number of different types of aggravated felonies, including, "illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act [21 USCS § 802]), including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)." Id. § 1101(a)(43)(B). "Drug trafficking crime," as defined in 18 U.S.C. § 904(c) means, among other things, "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." The federal statute criminalizing offers to sell drug paraphernalia, 21 U.S.C. § 863(a)(1), is part of the Controlled Substances Act.

The Government does not argue that merely offering to sell cocaine is prohibited by the Controlled Substances Act, United States v. Rivera-Sanchez, 247 F.3d 905, 908-09 (9th Cir. 2001), nor does it argue that offering to sell cocaine requires possession of cocaine, Stewart v. State, 718 S.W.2d 286, 288 (Tex. Crim. App. 1986).

States v. Gray, 982 F.2d 1020, 1021 (6th Cir. 1993) (recounting the facts of the case where the police arrested an individual with a large amount of a cocaine dilutant and indicted him for conspiracy to unlawfully possess cocaine with intent to distribute, but where, following a plea agreement, the defendant pleaded guilty to selling drug paraphernalia).

This court has never held that adulterants and dilutants may be considered drug paraphernalia, and we need not consider that issue now. Even assuming that adulterants and dilutants could be considered drug paraphernalia, we do not read the criminal information to require a finding that Fuentes pleaded guilty to offering to sell adulterants and dilutants. The phrase "including any adulterants and dilutants" does not mean that there necessarily were adulterants and dilutants; rather, it only means that if there were adulterants and dilutants, they were counted toward the total aggregate weight of the cocaine. Therefore, Fuentes's conviction and the criminal information do not necessitate a finding that Fuentes offered to sell drug paraphernalia, and the district court erred in applying a sentencing enhancement for a prior conviction of an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C).

Finally, Fuentes challenges the constitutionality of the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2). The constitutionality of these provisions was upheld in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Almendarez-Torres is binding precedent unless overruled by the Supreme Court. Therefore, Fuentes's argument is foreclosed by precedent. United States v. Mendez-Villa, 346 F.3d 568, 570-571 (5th Cir. 2003).

Because the district court improperly calculated Fuentes's sentencing guideline range by applying an eight-level sentencing enhancement under U.S.S.G. § 2L1.2, we VACATE the sentence and REMAND for re-sentencing.