# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-20817
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SONYA YVETTE MCCOY

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-66-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sonya Yvette McCoy appeals the sentence imposed following her guilty plea to being a felon in possession of a firearm and moves to supplement the record with state court documents concerning her prior Texas convictions for delivery of a controlled substance. She argues that the district court plainly erred in determining that she had two prior Texas convictions that qualified as "controlled substance offenses" for purposes of a U.S.S.G. § 2K2.1(a)(2) base offense level enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

According to the appellate record, McCoy was convicted in 2003 for possession with intent to deliver cocaine pursuant to TEX. HEALTH & SAFETY CODE ANN. § 481.112(a). This conviction qualifies as a "controlled substance offense" under § 2K2.1. See United States v. Ford, __F.3d__, No. 06-20141, 2007 WL 4303800, *1 (5th Cir. Dec. 11, 2007). The record additionally discloses that in 2000 McCoy was charged by bill of information with delivery of a controlled substance, also a violation of § 481.112(a), with the judgment reflecting that she pleaded guilty to delivery by actual transfer. The judgment therefore confirms that her conviction was for activity that constituted a controlled substance offense under § 2K2.1(a)(2). Cf. United States v. Gonzales, 484 F.3d 712, 714 (5th Cir.) (holding that inspection of indictment and jury instructions confirmed that the defendant's § 481.112(a) conviction may have been for activity that did not constitute a "drug trafficking offense," i.e., activity constituting an offer to sell), cert. denied, 127 S. Ct. 3031 (2007); United States v. Morales-Martinez, 496 F.3d 356, 360-61 (5th Cir.) (holding that an undifferentiated guilty plea to an indictment charging the § 481.112(a) offense in the conjunctive did not necessitate a finding that the defendant committed a "drug trafficking offense" because it was unclear whether the defendant pleaded guilty to transfer of cocaine or the offer to sell cocaine), cert. denied, 128 S. Ct. 410 (2007). As such, McCoy has not demonstrated plain error on the part of the district court in calculating her base offense level pursuant to § 2K2.1(a)(2). See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

AFFIRMED; MOTION TO SUPPLEMENT THE RECORD AND LEAVE TO SUPPLEMENT RECORD EXCERPTS GRANTED.