# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-50218
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESUS BELTRAN-RAMIREZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-558-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jesus Beltran-Ramirez ("Beltran") appeals the 41-month sentence imposed following his guilty plea to illegal entry into the United States following deportation. Beltran argues that the district court plainly erred in enhancing his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior conviction for a crime of violence, the burglary of a habitation. He argues that the statute under which he was convicted, Tex. Penal Code Ann. § 30.02(a) includes a means to commit the offense that does not meet the definition of a

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

generic burglary as required by the Guidelines to impose such an enhancement. Beltran also asserts that although the indictment charged him conjunctively under two sections of the statute, one section of which satisfied the definition of generic burglary, his guilty plea did not establish that he committed the conduct under that section.

Because Beltran did not object to the enhancement in the district court, we review for plain error. United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). Beltran was charged in the indictment under Texas Penal Code Ann. § 30.02(a) (1) and § 30.02(a)(3), which provide different means of committing burglary of a habitation. The latter section does not require an intent to commit a crime at the time of the unlawful entry. § 30.02(a)(3). Thus, the commission of a burglary under § 30.02(a)(3) does not meet the generic definition of burglary and does not constitute a crime of violence within the meaning of the Guidelines. See United States v. Taylor, 495 U.S. 575, 598, 601 (1990); United States v. Ortega-Gonzaga, 490 F.3d 393, 394-95 (5th Cir. 2007); United States v. Herrera-Montes, 490 F.3d 390, 391-92 (5th Cir. 2007).

The Government argues that in pleading guilty to burglary under § 30.02, Beltran admitted all of the charges in the indictment, including the "intent to commit a [crime]" element of § 30.02(a)(1), which meets the definition of a generic burglary.

We must look to the law of the jurisdiction in which the guilty plea occurred to determine the State's treatment of an indictment making a conjunctive charge, as did the indictment in this case. United States v. Morales-Martinez, 496 F.3d 356, 359 ( 5th Cir. 2007). Under Texas law, a guilty plea is an admission of only the material facts necessary to support the conviction. Id. at 359-60. The State is not required to prove that the defendant used each of the means charged conjunctively in the indictment. Id. at 360. The record in this case contains no evidence reflecting the specific subsection to which Beltran pleaded guilty, nor does it contain the factual basis for his plea. Thus, we cannot

determine whether Beltran pleaded guilty to an offense that meets the definition of a generic burglary.  Id.  Accordingly, we hold that the district court plainly erred in imposing a 16-level sentencing enhancement.

Beltran also has shown that his substantial rights were affected because there is "a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence."  United States v. Gonzales, 484 F.3d 712, 716 (5th Cir. 2007) (internal quotations and citation omitted).  In the absence of the erroneous 16-level enhancement, Beltran would have been subject to only an eight-level enhancement of his offense level for the commission of an aggravated felony.  See § 2L1.2(b)(1)(C).  His total offense level would have been reduced from 21 to 13, and, with a criminal history category of II, his Guidelines range would have been 15-21 months, much less than the 41-month sentence imposed.  We have held that an error resulting in a substantially different sentence affects the fairness of the judicial proceeding.  See Gonzales, 484 F.3d at 716.  Thus, Beltran has shown that the District Court plainly erred.  In light of its error, we VACATE Beltran's sentence and REMAND for resentencing.

Beltran argues that his sentence violates due process because it exceeds the statutory maximum for the offense charged in the indictment.  He concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998); he raises it only to preserve the issue for further review.  We agree that this issue is foreclosed and therefore AFFIRM, in part, the District Court.  See United States v. Pineda-Arellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

AFFIRMED, in part; VACATED, in part; REMANDED for resentencing.