IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2008

Charles R. Fulbruge III
Clerk

No. 06-41620

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FELIPE PERALES-SOLIS

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 5:06-CR-214-ALL

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Felipe Perales-Solis appeals his sentence for illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326. He contends that the district court erred by enhancing his sentence twelve levels pursuant to § 2L1.2(b)(1)(B) of the United States Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines (the "Guidelines")[1] because his 2004 Texas conviction does not constitute a drug trafficking offense. We AFFIRM.

## I. BACKGROUND

On January 23, 2006, Perales-Solis, a native and citizen of Mexico, was arrested for being unlawfully present in the United States. Perales-Solis admitted that he had been voluntarily returned to Mexico by the United States Border Patrol eleven times. He had also been previously deported twice, including a June 19, 2005 deportation subsequent to pleading guilty on October 21, 2004, in Texas state court and being sentenced to eight months of imprisonment for Delivery of Marihuana in violation of Texas Health and Safety Code § 481.120. On April 20, 2006, Perales-Solis pleaded guilty, without a written plea agreement, to illegal reentry after having been removed in violation of 8 U.S.C § 1326.

Pursuant to the Guidelines, the presentence investigation report (the "PSR") recommended a base offense level of eight for Perales-Solis. U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(a) (2005). Based on his 2004 Texas conviction, the PSR recommended a twelve-level enhancement under § 2L1.2(b)(1)(B) of the Guidelines. After a three-level reduction for acceptance of responsibility, his total offense level was seventeen. The PSR set Perales-Solis's criminal history category at V and recommended a Guidelines sentencing range from forty-six to fifty-seven months of imprisonment.

Perales-Solis objected to the PSR's sentencing recommendations, arguing that his sentence under § 1326(b) was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), and that the twelve-level enhancement was improper on the grounds that his Texas conviction was not within the Guidelines' definition of a drug trafficking offense. Specifically, he contended

---

[1]All references are to the 2005 edition of the U.S. SENTENCING GUIDELINES MANUAL (2005), which was used by the district court.

that the definition of "delivery" under Texas law encompasses an "offer to sell," TEX. HEALTH & SAFETY CODE § 481.002(8), conduct which is not covered by the definition of a drug trafficking offense. See § 2L1.2(a) cmt. n.1(B)(iv). Further, Perales-Solis urged that the state court documents attached to the PSR, the Texas indictment and judgment, in support of the enhancement were inadequate to narrow the offense of conviction to one that is necessarily within the Guidelines' definition of a drug trafficking offense. Perales-Solis also argued for a reduction in his sentence due to over representation of his criminal history.

The district court overruled Perales-Solis's Apprendi objection and his objection to the twelve-level enhancement, but reduced his criminal history category to IV. He was sentenced on October 27, 2006, to thirty-seven months of imprisonment and three years of supervised release and assessed costs of one hundred dollars. This timely appeal followed on November 16, 2006.

While the district court relied only on the PSR, the state court indictment and judgment, and the statements of the attorneys at sentencing, the Government supplemented the record on appeal with a certified copy of Perales-Solis's judicial confession.[2]

## II. DISCUSSION

### A.

Under the Guidelines, the offense level for unlawfully entering the United States is increased by twelve levels if the defendant was previously deported after being convicted of a drug trafficking offense that resulted in a sentence of thirteen months or less of imprisonment. § 2L1.2(b)(1)(B). A "drug trafficking offense" is defined as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled

---

[2]Perales-Solis urges us in his reply brief to strike his judicial confession admitted on the Government's motion to supplement the record, which we granted on July 25, 2007. We see no reason to reconsider the ruling on that motion at this late date.

substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." § 2L1.2, cmt. n.1(B)(iv). Because Perales-Solis properly objected to the district court's application of the Guidelines, we review the conclusion that a prior state conviction constitutes a drug trafficking offense de novo. United States v. Lopez-Salas, 513 F.3d 174, 178 (5th Cir. 2008).

Perales-Solis previously pleaded guilty to Delivery of Marihuana in violation of Texas Health and Safety Code § 481.120 and was sentenced to eight months in prison. To "deliver" under Texas law is defined broadly to mean "to transfer, actually or constructively, to another a controlled substance . . . regardless of whether there is an agency relationship . . . [and] includes offering to sell a controlled substance . . . ." TEX. HEALTH & SAFETY CODE § 481.002(8). We have held that a similar provision prohibiting the manufacture and delivery of other controlled substances, which is subject to the same statutory definition of "deliver," see § 481.112, "encompasses both conduct that does constitute a drug trafficking offense (transferring cocaine) and conduct that does not (offering to sell cocaine)." United States v. Garcia-Arellano, --- F.3d ----, No. 06-11276, 2008 WL 771709, at *2 (5th Cir. Mar. 25, 2008) (quoting United States v. Morales-Martinez, 496 F.3d 356, 358 (5th Cir. 2007)). Texas Health and Safety Code § 481.120 is also such a statute.

Consequently, as with prior convictions under § 481.112, we must determine whether Perales-Solis's conviction under § 481.120 constitutes a drug trafficking offense. Generally, we apply the "categorical approach" as established in Shepard v. United States, 544 U.S. 13 (2005), and Taylor v. United States, 495 U.S. 575 (1990), to this inquiry. See Lopez-Salas, 513 F.3d at 178; United States v. Garza-Lopez, 410 F.3d 268, 273–74 (5th Cir. 2005); United States v. Gutierrez-Ramirez, 405 F.3d 352, 356–57 (5th Cir. 2005). However, in determining whether an underlying conviction is a drug trafficking offense, we "may look beyond the statute itself to 'the terms of the charging document, the

terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some other comparable judicial record of this information,'" including a judicial confession under Texas law. Garcia-Arellano, --- F.3d ----, 2008 WL 771709, at *2 (quoting Shepard, 544 U.S. at 26) (emphasis added in Garcia-Arellano).

We have held that when only the fact of conviction along with an indictment charging the defendant under § 481.112 and alleging the definition of "delivery" in the conjunctive are before this court, the defendant did not necessarily plead guilty to the facts in the conjunctive as would be required for the conviction to constitute a drug trafficking offense under the Guidelines. Morales-Martinez, 496 F.3d at 358–61. This is so because, under Texas law, proof of any one means of committing the charged offense, such as merely offering to sell a controlled substance, conduct outside the Guidelines' definition of a drug trafficking offense, could sustain a judgment of conviction for delivery as defined by § 481.002(8). Id.

However, in Garcia-Arellano, the appellate record was supplemented with the indictment charging the defendant under § 481.112 with "delivery" alleged in the conjunctive, the judgment, and a certified copy of the defendant's judicial confession in which the defendant stipulated "that he did 'knowingly and intentionally deliver, to-wit, actually transfer, constructively transfer and offer to sell a controlled substance,'" and "that he 'committed the offense with which [he] stand[s] charged exactly as alleged in the indictment . . . .'" Garcia-Arellano, --- F.3d ----, 2008 WL 771709, at *3 (emphasis added in Garcia-Arellano). There, "the judicial confession clear[ed] up any ambiguity presented by the indictment and judgment," and we held that "[b]ecause [the defendant's] confession establish[ed] that he possessed, transferred[,] and offered to sell a controlled substance, his prior conviction qualifie[d] as a drug trafficking offense under the [G]uidelines." Id.

Perales-Solis was similarly charged in the conjunctive with violating § 481.120 by "intentionally and knowingly deliver[ing] by actual transfer[,] . . . constructive transfer[,] . . . [and] by offering to sell more than one-fourth and less than five pounds of marihuana to R. CORRALES." The Texas judgment simply stated that Perales-Solis was convicted of Delivery of Marihuana "by actual transfer, constructive transfer, and offering to sell marihuana 1/4 oz.–5 lbs." As we have held, under Texas law, an indictment charging a defendant in the conjunctive and a judgment stating the offense of conviction are not sufficient to narrow that conviction to one that necessarily constitutes a drug trafficking offense. Morales-Martinez, 496 F.3d at 358–61. However, like the defendant in Garcia-Arellano, Perales-Solis admitted to the following in a written judicial confession:

> [T]hat in Harris County, Texas, JOSE SOLIS PERALES, hereafter styled the Defendant . . . on or about OCTOBER 19, 2004, did then and there unlawfully, intentionally and knowingly deliver by actual transfer more than one-fourth ounce and less than five pounds of marihuana to R. CORRALES.
>
> It is further presented that . . . the Defendant . . did then and there unlawfully, intentionally and knowingly deliver by constructive transfer more than one-fourth ounce and less than five pounds of marihuana to R. CORRALES.
>
> It is further presented that . . . the Defendant . . . did then and there unlawfully, intentionally and knowingly deliver by offering to sell more than one-fourth ounce and less than five pounds of marihuana to R. CORRALES.

Perales-Solis further stipulated, "I understand the above allegations and I confess that they are true and that the acts alleged above were committed on October 19, 2004." (Emphasis added). Finally, Perales-Solis swore, "I have read the indictment and I stipulate that if the State's witnesses were sworn in and

testified, they would testify that I committed each and every element alleged." (Emphasis added).

Thus, like the judicial confession in Garcia-Arellano, Perales-Solis's judicial confession clears up any potential ambiguity presented by the indictment and the judgment and establishes that he actually transferred, constructively transferred, and offered to sell marihuana. See id. Consequently, his 2004 Texas conviction under § 481.120 constitutes a drug trafficking offense under § 2L1.2(b)(1)(B) of the Guidelines.

B.

Perales-Solis also challenges the constitutionality of treating 8 U.S.C. § 1326(b) as a sentencing factor, as opposed to an independent element of the crime that must be proven. This argument was rejected in Almendarez-Torres v. United States, 523 U.S. 224 (1998). He contends that the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), but properly concedes that we have rejected this argument. He appeals the issue only to preserve it for further review.

III. CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.