# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 7, 2011

No. 10-40348
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANDY CARRILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-1030-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Randy Carrillo appeals the 188-month sentence imposed following his guilty plea to being a felon in possession of ammunition and possession with intent to distribute crack cocaine. Carrillo does not challenge his conviction on appeal. Carrillo argues that the district court erred in enhancing his offense level pursuant to U.S.S.G. § 4B1.1, the career offender enhancement, based in part on his prior conviction for a crime of violence, the burglary of a habitation. He argues that the statute under which he was convicted, Texas Penal Code

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Annotated § 30.02(a), includes a means to commit the offense that does not meet the definition of a generic burglary as required by the Guidelines to impose such an enhancement. Carrillo also asserts that, although the indictment charged him conjunctively under two subsections of the statute, one subsection of which satisfied the definition of generic burglary, his guilty plea did not establish that he committed the conduct under that subsection.

The language in the indictment charging Carrillo with burglary tracked the language of § 30.02(a)(1) and § 30.02(a)(3), and the offense was charged conjunctively. A Texas conviction for burglary of a habitation under § 30.02(a)(1) constitutes a crime of violence for § 4B1.2 purposes. *See United States v. Silva*, 957 F.2d 157, 162 (5th Cir.1992) (18 U.S.C. § 924(e) context); *United States v. Hornsby*, 88 F.3d 336, 339 (5th Cir. 1996); *see also James v. United States*, 550 U.S. 192, 127 (2007) (noting that the definition of "crime of violence" for a career offender enhancement "closely tracks" the definition of "violent felony" set forth at § 924(e)). But a conviction under § 30.02(a)(3) does not, because that statutory subsection does not require entry with an intent to commit a crime of violence. *See United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008) (§ 924(e) context).

The judgment from Carrillo's prior conviction states that the trial court heard evidence and adjudged Carrillo guilty of both paragraphs of the indictment. In Texas, however, "the State is only required to present evidence sufficient to support the conviction, the State need not present evidence that the defendant committed the offense according to each of the means alleged in the indictment." *United States v. Morales-Martinez*, 496 F.3d 356, 360 (5th Cir. 2007). The record in this case contains no evidence reflecting the specific subsection to which Carrillo pleaded guilty, nor does it contain the factual basis for his plea or any judicial confession. It thus cannot be determined whether Carrillo pleaded guilty to an offense that meets the definition of a generic burglary, an enumerated crime of violence for purposes of § 4B1.1. Accordingly,

we hold that the district court erred in applying § 4B1.1's career offender enhancement in this case.

The Government has not met its burden of showing that such an error is harmless. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009). Thus, the case must be remanded, *id.*, and we do not address the other arguments advanced by Carrillo. Accordingly, we affirm Carrillo's conviction, but we vacate his sentence and remand his case for a new sentencing hearing.

AFFIRMED in part, VACATED and REMANDED in part.