# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2011

No. 10-50352
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO DURAN-VILLAGRAN, also known as Juan Moreno, also known as
Antonio Duran, also known as Antonio Duran-Villagrana,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2908-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Antonio Duran-Villagran appeals from his conviction of illegal reentry after being deported. He argues that his prior Texas conviction for manufacture/delivery of a controlled substance by actual transfer and by offering to sell was not an aggravated felony and that the district court therefore plainly erred in sentencing him pursuant to 8 U.S.C. § 1326(b)(2), which provides for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

20-year maximum statutory sentence, instead of § 1326(b)(1), which provides for a 10-year statutory maximum sentence.

Because Duran-Villagran did not challenge being sentenced under § 1326(b)(2) in the district court, the question whether the district court erred in sentencing him under that subsection is reviewed for plain error. *Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 1429. If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Duran-Villagran's prior Texas conviction for manufacture/delivery of a controlled substance by actual transfer and by offering to sell was not an aggravated felony under 8 U.S.C. § 1101(a)(43). *See United States v. Morales-Martinez*, 496 F.3d 356, 358-60 (5th Cir. 2007). Therefore, it was error for the district court to find that his statutory maximum sentence was 20 years pursuant to § 1326(b)(2).

But the record does not indicate that the district court's error affected Duran-Villigran's substantial rights. First, his sentence—57 months—fell within the properly calculated guidelines range of 57 to 71 months, and the district court's error did not affect the properly calculated guidelines range. *See* U.S.S.G. § 2L1.2(b)(1)(A). Second, his sentence fell within the proper 10-year statutory maximum, and there is no evidence in the record that the district court's belief that the statutory maximum was 20 years affected its decision to sentence Duran-Villagran to 57 months in prison. Accordingly, he has failed to demonstrate reversible plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).

Duran-Villagran also argues that a remand is required so that the judgment can be corrected to reflect that he was convicted and sentenced under § 1326(b)(1). The district court's judgment, however, was not incorrect: it

indicated that Duran-Villagran had been convicted and sentenced under "8 U.S.C. [§] 1326." Duran-Villagran has not demonstrated that this court should remand for a correction of a clerical error in the judgment; he likewise has not shown that this court should reform the judgment. *See* FED. R. CRIM. P. 36; *Mondragon-Santiago*, 564 F.3d at 369. The district court's judgment is AFFIRMED.