# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2012

No. 11-50526
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR CERVANTES-AGUILAR, also known as Hector Aguilar Cervantes, also known as Hector Maurilio Cervantes Aguilar,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-3081-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hector Cervantes-Aguilar appeals his conviction for illegal reentry after deportation and the resulting within-guidelines sentence of 77 months and one day. Cervantes-Aguilar contends that the district court erred in its determination that his Texas conviction of burglary of a habitation was a crime of violence warranting a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). He further argues that his sentence is substantively

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable and unconstitutional disproportionate to the offense. Finally, Cervantes asserts that he was denied the effective assistance of counsel because counsel advised him to plead guilty pursuant to a plea agreement and failed to request a departure from the guidelines range.

The district court's characterization of a prior offense as a crime of violence is reviewed de novo. *United States v. Garcia-Mendez*, 420 F.3d 454, 456 (5th Cir. 2005). Cervantes-Aguilar's Texas state court indictment conjunctively charged elements of both burglary offenses under TEXAS PENAL CODE ANN. § 30.02(a)(1) and (a)(3). We have determined that a conviction under § 30.02(a)(1) is equivalent to the enumerated offense "burglary of a dwelling," and is therefore a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii). *Garcia-Mendez*, 420 F.3d at 456-57. However, a conviction under § 30.02(a)(3) is not the equivalent of the enumerated offense of burglary of a dwelling because § 30.02(a)(3) does not require entry with an intent to commit a crime. *United States v. Herrera-Montes*, 490 F.3d 390, 392 (5th Cir. 2007); *see also United States v. Beltran-Ramirez*, 266 F. App'x 371, 372 (5th Cir. 2008).

In determining whether Cervantes-Aguilar's prior conviction qualified as a crime of violence, the district court properly considered Cervantes-Aguilar's written judicial confession. *See United States v. Garcia-Arellano*, 522 F.3d 477, 481 (5th Cir. 2008). In his confession, Cervantes-Aguilar stipulated that he committed all of the allegations in the indictment, which included the elements of both burglary offenses. This language cleared up any ambiguity regarding Cervantes-Aguilar's guilty plea to the conjunctive charges in the indictment and was sufficient to establish a conviction under § 30.02(a)(1). *See id.* Therefore, the district court did not err in applying the 16-level enhancement under § 2L1.2(b)(1)(A)(ii). *See id.*

Because Cervantes-Aguilar did not object to the reasonableness of his sentence after it was imposed, review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Cervantes-Aguilar's within-

No. 11-50526

guidelines sentence is presumptively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Despite the district court's concern over the fairness of the 16-level enhancement, the court believed the enhancement was "the correct result." The district court heard Cervantes-Aguilar's arguments in mitigation but thereafter noted that Cervantes-Aguilar had "a rather extensive criminal history." There is no indication that the district court believed Cervantes-Aguilar's criminal history overstated the seriousness of the offense. Cervantes-Aguilar has not shown that the district court failed to give proper weight to his arguments or any particular sentencing factor under 18 U.S.C. § 3553(a). Thus, he fails to rebut the presumption of reasonableness that is accorded his within-guidelines sentence. *See Cooks*, 589 F.3d at 186. Additionally, we conclude that Cervantes-Aguilar has not demonstrated that his sentence is grossly disproportionate to his offense or that it rises to the level of cruel and unusual punishment. *See United States v. Cardenas-Alvarez,* 987 F.2d 1129, 1134 (5th Cir. 1993).

Cervantes-Aguilar did not raise his claims of ineffective assistance in the district court, and the district court did not hear any evidence related to them. The record is not sufficiently developed for us to consider the claims, and they are denied without prejudice to Cervantes-Aguilar's right to raise them in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

Accordingly, the judgment of the district court is AFFIRMED.