# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 24, 2013

Lyle W. Cayce
Clerk

No. 12-50837
Summary Calendar

MICHAEL DEWAYNE VICKERS,

Petitioner-Appellant

v.

WARDEN MAYE; UNITED STATES OF AMERICA,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-958

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael Dewayne Vickers, federal prisoner # 35401-177, appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging the sentence imposed under the Armed Career Criminal Act following his conviction for being a felon in possession of a firearm. Vickers argues that, as in *United States v. Carrillo*, 421 F. App'x 395 (5th Cir. 2011), he is actually innocent of the armed career criminal enhancement because newly discovered evidence shows that his prior Texas conviction for burglary of a habitation was not a crime of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50837

He argues that, in light of *Haley v. Cockrell*, 306 F.3d 257, 267-68 (5th Cir. 2002), *vacated sub nom. Dretke v. Haley*, 541 U.S. 386 (2004), his case should be an exception to the *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), standard to correct a miscarriage of justice.

In order to satisfy the criteria of 28 U.S.C. § 2255's savings clause, Vickers must show that his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and that the claims were foreclosed by circuit law at the time when they should have been raised at trial, on appeal, or in an initial § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. Vickers has not made the requisite showing. Accordingly, the district court's dismissal of Vicker's § 2241 petition is AFFIRMED.

To the extent that Vickers seeks authorization to file a successive § 2255 motion raising the above claim, the motion is DENIED. *See* 28 U.S.C. §§ 2244, 2255(h).