

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00572-CR

ARMANDO AGUSITIN                                                    APPELLANT
HERNANDEZ

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1289389D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Armando Agusitin Hernandez appeals from his conviction and life sentence for injury to a child causing serious bodily injury with a repeat-offender enhancement. In two issues, he argues that his guilty plea was

---

[1]*See* Tex. R. App. P. 47.4.

insufficiently substantiated and that he was deprived of his right to a jury trial. We affirm as modified.

Appellant and A.C. had a son, G.H., on June 20, 2012. On July 6, 2012, A.C. went to the grocery store and left G.H. with Appellant. Appellant called A.C. and told her that G.H. was choking and not breathing. A.C. told Appellant to call an ambulance. When A.C. got home, her house was surrounded by ambulances and fire trucks. G.H. was rushed to the hospital, and the treating doctors told A.C. that G.H.'s injuries were severe and that he would not survive. G.H. died shortly thereafter, and an autopsy revealed that he had a large bruise on his forehead, bleeding inside his brain, and multiple bruises deep within his brain that were caused by blunt-force trauma. These injuries constituted "severe head impact," which were not survivable.

At the time of G.H.'s death, Appellant previously had been convicted for injury to a child with intent to cause bodily injury. *See* Tex. Penal Code Ann. § 22.04(a)(3) (West Supp. 2013). Appellant was indicted with knowingly causing serious bodily injury to G.H. with a repeat-offender notice based on this prior conviction.[2] *See id.* § 12.42(c) (West Supp. 2013), § 22.04(a)(1). Appellant pleaded guilty to injury to a child causing serious bodily injury, pleaded true to the repeat-offender paragraph, and chose to have a jury assess his punishment. At that time, the trial court advised Appellant that the jury would be instructed "at the

---

[2]The indictment also included a murder count and a deadly-weapon notice, both of which were waived before trial.

proper time to make a finding of guilty and a finding of true" and Appellant acknowledged he understood.

After a jury was selected, Appellant again pleaded guilty to the offense as charged in the indictment[3] and true to the repeat-offender paragraph. The trial court again informed Appellant that "the Jury will be instructed also to make that same finding." After hearing testimony on punishment, the trial court charged the jury "to find the Defendant guilty as charged in the indictment" and "to find 'True' the allegations of the Repeat Offender Notice." The jury found Appellant guilty, found the repeat-offender paragraph true, and assessed Appellant's punishment at life confinement. The trial court entered judgment on the jury's verdict and noted that Appellant had been convicted of "INJURY TO A CHILD – INTENTIONALLY AND KNOWINGLY CAUSE SERIOUS BODILY INJURY OR SERIOUS MENTAL DEFICIENCY, IMPAIRMENT OR INJURY."

In his first issue, Appellant asserts that the State introduced insufficient evidence to show that the crime occurred in Tarrant County, Texas; thus, the evidence did not sufficiently corroborate his guilty plea. Indeed, a trial court may not render a conviction in a felony based upon a plea of guilty "without sufficient evidence to support the same." Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). To substantiate a guilty plea, there must be evidence "in addition to, and independent of, the plea itself to establish the defendant's guilt." *Menefee v.*

---

[3]The indictment was read to the jury before Appellant's plea.

*State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009). However, the plea-substantiation requirement does not apply to jury trials because "a plea of guilty before a jury admits all the elements of the offense" and is conclusive as to his guilt. *Brinson v. State*, 570 S.W.2d 937, 938 (Tex. Crim. App. [Panel Op.] 1978); *see also United States v. Morales-Martinez*, 496 F.3d 356, 359–60 (5th Cir.) (discussing requirements of article 1.15 in context of guilty plea before state trial court and recognizing guilty plea to jury admits all offense elements), *cert. denied*, 552 U.S. 964 (2007). Therefore, Appellant's guilty plea in open court and before the jury was conclusive as to his guilt and admitted all elements of the offense, including venue. We overrule issue one.

In his second issue, Appellant contends that because he did not expressly waive his right to a jury for guilt-innocence orally or in writing, his constitutional right to a jury trial was violated. However, a plea of guilty to a felony offense before a jury is a unitary trial to determine punishment:

> [I]n a unitary trial where a defendant has [pleaded] guilty[,] there exists no per se "punishment phase." In fact, unitization of the trial, where a defendant pleads guilty to a felony charge before a jury or judge, admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury or judge intelligently to exercise discretion in the assessment of punishment.

*Carroll v. State*, 975 S.W.2d 630, 631–32 (Tex. Crim. App. 1998). Appellant requested and received a jury trial, and the trial court's instruction to the jury to find Appellant guilty upon his guilty plea did not deprive Appellant of a jury trial.

4

*See Williams v. State*, 674 S.W.2d 315, 318–19 (Tex. Crim. App. 1984). We overrule issue two.

In our review of this appeal, we noticed that the offense reflected in the judgment is broader than the offense to which Appellant pleaded guilty and of which the jury found him guilty. We have the authority sua sponte to modify judgments to make the record speak the truth. *See* Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Therefore, we modify the judgment to reflect that Appellant was convicted of injury to a child by knowingly causing serious bodily injury. As modified, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 3, 2014

5