MURPHY, Circuit Judge.
I. Introduction
Alfredo Torres-Romero appeals the district court’s application of a sixteen-level enhancement, pursuant to U.S.S.G. *1157 § 2L1.2(b)(l)(A), arguing the government failed to meet its burden of proving his prior state conviction was a “drug trafficking offense.” We conclude the district court did not err because Torres-Romero’s 1990 Colorado guilty plea admitted all of the material facts in the charging information, including that he distributed and sold a controlled substance. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm the sentence imposed by the district court.
II. Background
Torres-Romero pleaded guilty to illegally reentering the United States following a prior deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). Prior to his sentencing hearing, Torres-Romero objected to a sixteen-level enhancement, under U.S.S.G. § 2L1.2(b)(l)(A), for committing a prior drug trafficking offense. The basis for the enhancement was a 1990 guilty plea for violating Colorado Revised Statute § 18-18-105 (1990) (repealed 1992 and redesig-nated as § 18-18-405), which criminalized unlawful distribution, manufacturing, dispensing, sale, or possession of a controlled substance for which Torres-Romero was sentenced to five years’ imprisonment. At the sentencing hearing, the government offered two pieces of evidence to support the sixteen-level enhancement: the information, charging Torres-Romero with violating § 18-18-105, and the judgment of conviction. The Colorado information charged Torres-Romero as follows:
Alfredo Romero-Torres did unlawfully, feloniously, and knowingly manufacture,dispense, sell, and distribute, with or without remuneration, and possess a Schedule III controlled substance, to wit: Lysergic Acid....
The words “manufacture” and “dispense” were scored, as depicted above. The judgment, however, included the words “manufacturing” and “dispensing.” The judgment stated Torres-Romero had pleaded guilty to “Count Three: Unlawful Distribution, Manufacturing, Dispensing, Sale & Possession of Controlled Substance.” The government was unable to produce a Colorado plea agreement.
Torres-Romero argued, based on the information and the judgment, it was impossible to discern whether he had been convicted of simple possession or a drug trafficking offense. The district court, confining its review to the information and judgment, overruled Torres-Romero’s objection. The court stated because Torres-Romero had been charged and convicted in the conjunctive, a “fair reading of both Count 3 of the Information and the concomitant judgment of conviction convinces me that he was convicted of a drug-trafficking offense within the meaning of guideline Section 2L1.2(b)(l)(A).” R. Vol. Ill at 12. The court applied the § 2L1.2(b)(l)(A) enhancement, but granted Torres-Romero a downward departure and imposed a term of forty-one months’ imprisonment.
III. Analysis
“We review de novo a district court’s determination that a prior offense is a crime that can trigger a sentence enhancement under U.S.S.G. § 2L1.2(b).” United States v. Maldonado-Lopez, 517 F.3d 1207, 1208 (10th Cir.2008) (quotation omitted). The Guidelines define “drug trafficking offense” as “an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.” U.S.S.G. § 2L1.2(b)(l) cmt. n. l(B)(iv). Simple possession is not a drug trafficking offense. See United States v. Herrera-Roldan, 414 F.3d 1238, 1244 (10th Cir.2005).
*1158 When a defendant contests whether his prior conviction constitutes a drug trafficking offense the sentencing court is generally required to follow the categorical approach adopted in Taylor v. United States, 495 U.S. 575, 600-02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and Shepard v. United States, 544 U.S. 13, 25-26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). See Herreras-Roldan, 414 F.3d at 1240. Under the categorical approach, our review of Torres-Romero’s Colorado conviction is confined “to the terms of the statute of conviction.” Id. at 1241. We may draw no inferences from the defendant’s underlying conduct. Id. at 1240-41; see also Taylor, 495 U.S. at 600, 110 S.Ct. 2143 (explaining under the categorical approach a court may “look[ ] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions”). When an examination of the statute, however, reveals that it “reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy.” United States v. Martinez-Hernandez, 422 F.3d 1084, 1086 (10th Cir.2005). This is commonly referred to as the modified categorical approach. United States v. Romero-Hernandez, 505 F.3d 1082, 1086 (10th Cir.2007). Under this modified approach, “the court may examine judicial records in order to determine which part of the statute was charged against the defendant and, thus, which portion of the statute to examine on its face.” United States v. Zuniga-Soto, 527 F.3d 1110, 1121 (10th Cir.2008) (quotations omitted). As we recently explained, “this examination does not entail a subjective inquiry as to whether the particular factual circumstances underlying the conviction satisfy the criteria of the enhancement provision.” Id. (quotation omitted). It is the government’s burden to establish the enhancement applies by a preponderance of the evidence. United States v. Martinez-Villalva, 232 F.3d 1329, 1333 (10th Cir.2000).
The parties agree that the Colorado statute, § 18-18-105, reached a broad range of conduct, some of which constituted a “drug trafficking offense,” but also simple possession, which did not. Thus, our task is to determine whether the information and judgment establish by a preponderance of the evidence that Torres-Romero was convicted of a drug trafficking offense.
Torres-Romero argues that the government failed to meet its burden. He asserts neither the information nor the judgment prove that he was convicted of a drug trafficking offense. First, he contends that the use of the conjunctive in the judicial documents is meaningless, as it overlooks the fact that such documents are routinely written in the conjunctive, but do not require the government to prove every method of violating the statute.[1] See United States v. Powell, 226 F.3d 1181, 1192 n. 4 (10th Cir.2000) (explaining “it is hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive.” (quotation omitted)). Second, Torres-Romero points to the alternations in the information, striking the terms “manufacture” and “dispense.” Although he was not charged with these two methods of violating the *1159 statute, they are included in the judgment. Thus, Torres-Romero argues the judgment, including the terms stricken in the information, merely establishes that he was convicted under the statute, but not that he was specifically convicted of the drug trafficking portions of the statute, as opposed to simple possession.
The language in the judgment, using the terms “manufacturing” and “dispensing,” does suggest that the judgment was parroting the title of the statute to which Torres-Romero pleaded guilty. This, however, is not the end of our analysis. The Supreme Court, in United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757,102 L.Ed.2d 927 (1989), explained “[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.” This court has therefore concluded that “a defendant who makes a counseled and voluntary guilty plea admits both the acts described in the indictment and the legal consequences of those acts.” United States v. Allen, 24 F.3d 1180, 1183 (10th Cir.1994); see also United States v. Brown, 164 F.3d 518, 521 (10th Cir.1998) (explaining an “unconditional plea admit[s] all material allegations already contained in the [] indictment”). The effect of a guilty plea in Colorado is no different.[2] See Hahn v. People, 126 Colo. 451, 251 P.2d 316, 318 (Colo.1952) (holding the effect of the guilty plea is to “plead[ ] guilty to every fact averred in the[ ] ... information”); see also People v. Zuniga, 80 P.3d 965, 970 (Colo.Ct.App.2003) (explaining guilty plea admits all material facts alleged in the information); People v. Flagg, 18 P.3d 792, 794 (Colo.Ct.App.2000) (same).[3]
In United States v. Hill, 53 F.3d 1151 (10th Cir.1995) (en banc), this court addressed an argument analogous to Torres-Romero’s in the context of the Armed Career Criminal Act (“ACCA”). The defendant was charged with violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Id. at 1152. The government sought an enhancement pursuant to the ACCA based on one prior second degree *1160 burglary and two robbery convictions. Id. The defendant objected to the use of the burglary conviction, arguing it was not a violent felony under the ACCA. Id. Under Oklahoma law, second degree burglary is broader than generic burglary, and thus, the government was required to prove the defendant had committed generic burglary for the conviction to provide a basis for the enhancement under the ACCA. Id. at 1153. Like this case, the government did not offer evidence of a plea agreement for the prior state conviction, but introduced the charging information and judgment. Id. at 1154. The information alleged that the defendant:
unlawfully, wrongfully, wilfully, felo-niously and burglariously in the night time, [broke] and enter[ed] into a certain building ... owned by and in possession of STANDARD MOTOR SUPPLY in which building personal property of value was kept and contained, by breaking open the outer skylight of the said building, and entering the said building without the consent of said owner, with the wilful and felonious intent to steal said property.
Id. The judgment merely stated the defendant was convicted of “second degree burglary.” Id. The defendant argued that his guilty plea was an admission that he committed second degree burglary under Oklahoma law and not that he committed the specific acts in the information. Id. Sitting en banc, this court resolved that the “burglary information included all of the elements of a Taylor burglary because it alleged that Defendant unlawfully entered into a building with the intent to commit a crime.” Id. at 1155. “By pleading guilty, Defendant admitted that he did the discrete acts described in the indictment.” Id. (quotation and alteration omitted).
Torres-Romero’s argument fails for the same reasons. He too “admitted all the well-pleaded facts in the indictment by pleading guilty.” Hill, 53 F.3d at 1155. Although his admissions did not include “manufacture” or “dispense,” as these were crossed out, they did include all other material facts in the indictment. By entering an unconditional guilty plea, Torres-Romero admitted he “did unlawfully, feloniously, and knowingly sell, and distribute, with or without remuneration, and possess a ... controlled substance,” as set out in the information. Selling and distributing a controlled substance clearly fall within the Guidelines’ definition of a drug trafficking offense. U.S.S.G. § 2L1.2(b)(l) cmt. n. l(B)(iv) (defining drag trafficking offense to include an offense prohibiting, inter alia, the distribution of a controlled substance). As a consequence, the district court did not err in concluding Torres-Romero’s prior Colorado conviction was a drug trafficking offense and applying the sixteen-level enhancement, pursuant to § 2L1.2(b)(l)(A).
IV. Conclusion
For the foregoing reasons, we affirm the district court.

. Colorado Statute § 18-18-105 was composed in the disjunctive, rather than the conjunctive. It stated:
... it is unlawful for any person knowingly to manufacture, dispense, sell, or distribute, with or without remuneration, to possess, or to possess with intent to manufacture, dispense, sell, or distribute, with or without remuneration, a controlled substance....

. We agree with the dissent that the proper approach is to focus on the effect of the guilty plea in the state of conviction. See United States v. Morales-Martinez, 496 F.3d 356, 359 (5th Cir.2007). The Fifth Circuit interpreted the effect of a Texas guilty plea to admit "only those facts needed to support a conviction.’’ Id. Applying the categorical approach, it held the sixteen-level enhancement was improper because "neither the statutory language nor the charging document necessitates a finding that [the defendant] committed a drug trafficking offense.” Id. at 360. In this case, however, Colorado follows a different approach. The effect of a guilty plea is not so narrow. See Hahn v. People, 126 Colo. 451, 251 P.2d 316, 318 (Colo.1952). Thus, we agree with the overarching approach advocated for by the dissent, but cannot subscribe to its interpretation of Colorado law.

. People v. Flagg, 18 P.3d 722, 794 (Colo.Ct.App.2000) also states that a guilty plea "has the same effect as if a defendant had been tried before a jury and had been found guilty on evidence covering all the material facts.” 18 P.3d at 794. The dissent interprets this language as support for its position that a guilty plea only admits the facts necessary to sustain a conviction.' Instead, the language has been repeated by the Colorado courts for the proposition that the acceptance of a guilty plea acts as a conviction for the offense. See Colo.Rev.Stat. § 16-7-206(3); Juhl v. People, 172 P.3d 896, 900 (Colo.2007). This is not the same as only admitting the essential elements necessary to sustain a conviction. See Flagg, 18 P.3d at 794-95 (explaining guilty plea admitted all material facts, which included facts not essential to the conviction). Although a jury verdict need not be based upon a finding beyond what is essential to the verdict, a guilty plea under Colorado law is a response to the charging document, an admission to what is charged. The dissent reads the information as charging Torres-Romero in the alternative rather than recognize the defendant pleaded guilty to simple possession and the drug trafficking offenses of selling and distributing a controlled substance.