**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-40769
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN OLEA-RIVERA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-227-ALL

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Olea-Rivera (Olea) appeals the 57-month sentence imposed after he pleaded guilty to being in the United States illegally after deportation. Olea's criminal history score included one point for an Alabama conviction of 3rd Degree Criminal Mischief, for which Olea received a suspended 30-day jail sentence and 12 months of probation. On appeal, Olea contends only that the criminal history point should not have been assessed for the criminal mischief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction. Without that point, his advisory sentencing range would have been 46 to 57 months rather than 57 to 71 months.

Because Olea did not raise this issue in the district court, this court reviews his contention on appeal only for plain error. *United States v. Henry*, 288 F.3d 657, 664 (5th Cir. 2002). To show plain error, Olea must show an error that is clear or obvious and that affected his substantial rights. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If he makes that showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* An error is clear or obvious only if it is clear under existing law, and an alleged error is not clear or obvious if the relevant law is unsettled. *United States v. Salinas*, 480 F.3d 750, 756, 759 (5th Cir. 2007).

Olea contends that his criminal mischief offense is "similar to" the offense of disorderly conduct listed under U.S.S.G. § 4A1.2(c)(1) and that, consequently, the conviction may not be counted in his criminal history score because he was not sentenced to "a term of probation of more than one year or a term of imprisonment of at least thirty days." *Id.* We need not decide whether Olea's criminal mischief crime is similar to the listed crime of disorderly conduct because, even if it is, Olea cannot show a clear or obvious error concerning the effect of his suspended 30-day sentence for criminal mischief.

In order to show plain error regarding the disputed criminal history point, Olea must demonstrate that it is clear and obvious that his criminal mischief sentence was not "a term of probation of more than one year or a term of imprisonment of at least thirty days." § 4A1.2(c)(1)(A). Olea's 12-month term of probation is obviously not "a term of probation of more than one year." § 4A1.2(c)(1)(A). However, Olea's suspended 30-day jail sentence may meet the test.

Generally, three criminal history points are awarded "for each prior sentence of imprisonment" of more than 13 months, and two points are awarded

"for each prior sentence of imprisonment of at least sixty days." §§ 4A1.1(a) & (b). As in Olea's case, a single point is awarded "for each *prior sentence* not [already] counted." § 4A1.1(c) (emphasis added).

The Guideline defining "prior sentence" states: "A conviction for which the imposition or execution of a sentence was *totally suspended* or stayed shall be counted as a prior sentence under § 4A1.1(c)." § 4A1.2(a)(3) (emphasis added). Although Olea argues that § 4A1.2(b)(2) and the definition of the "sentence of imprisonment" there should be applied to the definition of "prior sentence" in § 4A1.2(a)(3), there is no precedent in this circuit to that effect, and we are not persuaded to change the "prior sentence" definition. Relief for Olea under plain error is precluded. *See Salinas*, 480 F.3d at 756, 759.

AFFIRMED.