# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 6, 2010

No. 08-50031

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN ALCALA-AVALOS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:07-CR-1375-ALL

Before GARWOOD, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Martin Alcala-Avalos appeals his sentence. Finding no reversible error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50031

Alcala-Avalos pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a). He had previously pleaded guilty of the unlawful sale of a controlled substance in Colorado.[1] Because of that conviction, the presentence report for the illegal-reentry charge recommended applying the 16-level drug-trafficking enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(i).[2] At the sentencing hearing, the court raised *sua sponte* the issue of whether the charging documents were sufficient to support the enhancement. Finding that they were, the court applied the enhancement and sentenced Alcala-Avalos to 46 months' imprisonment, a term at the bottom of the advisory sentencing range.

Alcala-Avalos frames his statement of the issue in plain-error terms, but his brief argues that *de novo* review applies because the purported error involves the application of the federal sentencing guidelines. The government notes that plain error "arguably applies," because Alcala-Avalos did not object, but the government contends that our review is *de novo* under *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005) (per curiam), because the court raised the general issue of the enhancement.

---

[1] *See* COLO. REV. STAT. § 18-18-105 (1989). That statute stated, in relevant part:

> It is unlawful for any person knowingly to manufacture, dispense, sell, or distribute, with or without remuneration, to possess, or to possess with intent to manufacture, dispense, sell, or distribute, with or without remuneration, a controlled substance; or to induce, attempt to induce, or conspire with one or more other persons to manufacture, dispense, sell, or distribute, with or without remuneration, or to possess with intent to manufacture, dispense, sell, or distribute, with or without remuneration, a controlled substance.

By contrast, Alcala-Avalos's charging document stated, in relevant part, that he "did unlawfully, feloniously and knowingly sell a Schedule III controlled substance, to-wit: Lysergic Acid."

[2] The applicable version of section 2L1.2 defined "drug-trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1 (B)(iv) (2006).

No. 08-50031

Alcala-Avalos's sentencing hearing, however, did not consist of "exhaustive briefing by the parties and consideration of the issue [as to whether or not the enhancement applies]." *Id.* Instead, the court asked to see the charging documents to determine whether the enhancement applied. At no time before or after that did Alcala-Avalos give any indication that he believed the drug-trafficking enhancement was inapplicable. Indeed, in stark contrast, he stood mute during the sentencing hearing. If he disagreed with the enhancement, he should have said so. *Cf. United States v. Gutierrez-Ramirez*, 405 F.3d 352, 355 (5th Cir. 2005).

"A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus[] obviate the need for our review."[3] The error complained of was not obviated by the court's *sua sponte* decision to look at the charging documents. Alcala-Avalos does not assert on appeal a failure to examine the documents; instead he complains of the court's legal conclusion that the enhancement applied––a conclusion to which he did not object. Accordingly, we review for plain error.[4]

Plain error arises where "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights. Even then, this court does not exercise its discretion to correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings, and results in a miscarriage of justice." *United States v. Henao-Melo*, 591 F.3d 798, 801-02 (5th Cir. 2009) (internal citations and quotation marks omitted).

Alcala-Avalos asserts that the court erred in applying the enhancement

---

[3] *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994) (quoting *United States v. Bullard*, 13 F.3d 154, 156 (5th Cir. 1994)).

[4] *See, e.g.*, *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir), *cert. denied*, 129 S. Ct. 625 (2008) ("When a defendant fails to raise a procedural objection below, appellate review is for plain error only.").

3

for his conviction of unlawful sale of a controlled substance, because the statutory definition of "sale" includes an offer to sell,[5] which is not conduct that supports a drug-trafficking enhancement, *see, e.g.*, *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005), and the relevant documents[6] do not sufficiently narrow the definition, *see, e.g.*, *Gutierrez-Ramirez*, 405 F.3d at 355-56. That argument, however, fails to take into account the difference among jurisdictions with regard to the effect of a guilty plea. In some jurisdictions, a guilty plea constitutes an admission of all the facts in the charging document. *United States v. Morales-Martinez*, 496 F.3d 356, 359 (5th Cir. 2007). In others, a guilty plea admits "only those material facts needed to support the conviction." *Id.* "Because different jurisdictions have different rules, we must determine the effects of a guilty plea in the jurisdiction in which [the defendant] entered his guilty plea." *Id.*

There are no published opinions of this court stating how Colorado law treats guilty pleas. That alone would suffice to render any error in applying the enhancement not obvious.[7] But one of our sister circuits––one that is doubtless more familiar with Colorado law than are we––has held that a guilty plea in Colorado courts admits everything in the charging document, even if the language is used in the alternative. *See United States v. Torres-Romero*, 537 F.3d 1155, 1159-60 (10th Cir.), *cert. denied*, 129 S. Ct. 2174 (2008). If that were the case, then the fact that "sell" is statutorily defined to include alternative definitions,

---

[5] *See* COLO. REV. STAT. § 18-18-403(1).

[6] That is, "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).

[7] *See, e.g.*, *United States v. Olea-Rivera*, 318 F. App'x 292, 293 (5th Cir. 2009) (per curiam) ("An error is clear or obvious only if it is clear under existing law, and an alleged error is not clear or obvious if the relevant law is unsettled."); *United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007).

No. 08-50031

some of which might not constitute drug-trafficking offenses, would be irrelevant. *Cf. Morales-Martinez*, 496 F.3d at 358. We do not reach that difficult question of Colorado law on this sparse record, however, because the court's error, if any, was far from "clear or obvious."[8]

AFFIRMED.

---

[8] Indeed, the spirited dissent in *Torres-Romero*—urging that Colorado law takes the narrower approach that a guilty plea only admits as much as necessary to support a conviction, *see generally Torres-Romero*, 537 F.3d at 1160-65 (Hartz, J., dissenting)—only confirms our conclusion that any error was not obvious.