**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 21, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

FERNANDO CASTELLANOS-BARBA,
a/k/a Rafael Barba Castellanos, a/k/a
Javier Franco, a/k/a Rigoberto
Castellanos, a/k/a Jose Orozco Ramirez,

      Defendant–Appellant.

No. 10-1238
(D.C. No. 1:09-CR-00523-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

_____

Fernando Castellanos-Barba appeals the district court's calculation of his sentence

under the United States Sentencing Guidelines. Exercising jurisdiction pursuant to 28

U.S.C. § 1291, we affirm.

**I**

Castellanos-Barba was indicted and pled guilty to a single charge of illegal reentry

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2).  His Presentence

Investigation Report ("PSR") recommended a 16-level increase under Guidelines

§ 2L1.2(b)(1)(A)(i) because Castellanos-Barba was deported after "a drug trafficking"

felony:  his 1992 California conviction for "Sale or Transportation of Marijuana."

Castellanos-Barba did not dispute that the 1992 conviction was a drug trafficking

felony, but asked the court to discretionarily reject the 16-level enhancement.  The

district court denied this request, concluding Castellanos-Barba's conviction was for

"sale or transport" of a controlled substance, and such a crime "fits within the intent of

[the § 2L1.2(b)(1)(A)(i)] enhancement."

**II**

On appeal, Castellanos-Barba argues that his 1992 conviction was not a drug

trafficking felony.  He concedes that we review this new claim for plain error.  See

United States v. Gonzalez-Jaquez, 566 F.3d 1250, 1251-52 (10th Cir 2009).  Plain error

occurs if:  (1) there is error; (2) it is "clear or obvious"; (3) it "affects substantial rights";

and (4) it "seriously affects the fairness, integrity, or public reputation of judicial

proceedings."  United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005).

The district court committed error.  To determine whether a prior conviction

qualifies as a drug trafficking offense under § 2L1.2(b)(1)(A)(i), a district court must

generally follow the categorical approach adopted in Taylor v. United States, 495 U.S.

575, 600-02 (1990).  See United States v. Torres-Romero, 537 F.3d 1155, 1158 (10th Cir.

2008).  Under the categorical approach, a court looks first to the statute under which the

defendant was convicted.  Id.  If the statute encompasses a broad array of conduct, some

-2-

of which would trigger the enhancement and some of which would not, the court must apply the "modified categorical approach," looking to "reliable judicial records" to determine whether a predicate conviction was based on conduct triggering the enhancement.  Id.

> Castellanos-Barba was convicted under a California statute, which states:

> Except as otherwise provided by this section or as authorized by law, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years.

Cal. Health & Safety Code § 11360(a) (1992).  The statute thus included drug trafficking offenses (for example, "sells") and non-trafficking offenses (for example, "transports").[1] The district court erred by failing to apply the modified categorical approach.

The error was also plain.  Our sister circuits evaluating convictions under § 11360 and similar California statutes have found that the categorical approach is not sufficient to determine if a predicate conviction is for a drug trafficking offense.[2]  The absence of

---

[1] California has construed the statute to encompass transportation of marijuana for personal use.  See People v. Rogers, 486 P.2d 129, 132 (Cal. 1971).  And under federal law, mere transportation for personal use is not "trafficking."  Cf. United States v. Herrera-Roldan, 414 F.3d 1238, 1240 (10th Cir. 2005); U.S.S.G. § 2L1.2(b)(1), Application Note 1(B)(iv).  But see United States v. Millan-Torres, 139 F. App'x 105, 110-11 (10th Cir. 2005) (unpublished) (interpreting § 11360 differently, but not considering Rogers or the statute's inclusion of transportation for personal use).

[2] United States v. Maroquin-Bran, 587 F.3d 214, 218 (4th Cir. 2009); United States v. Medina-Almaguer, 559 F.3d 420, 422 (6th Cir. 2009) (evaluating a similar statute); United States v. Almazan-Becerra, 537 F.3d 1094, 1096 (9th Cir. 2008); United States v. Garcia-Medina, 497 F.3d 875, 877 (8th Cir. 2007) (evaluating a similar statute); United States v. Gutierrez-Ramirez, 405 F.3d 352, 359 (5th Cir. 2005) (evaluating a

binding precedent from this court or the Supreme Court is not dispositive: such guidance is not required if the district court's interpretation was clearly incorrect. United States v. Ruiz-Gea, 340 F.3d 1181, 1187 (10th Cir. 2003). Given its erroneous interpretation of California law and the significant consensus among other circuits on the matter, the district court's conclusion was plainly erroneous.

However, we are bound by circuit precedent to conclude that the error did not affect substantial rights. See United States v. Zubia-Torres, 550 F.3d 1202, 1209 (10th Cir. 2008). In Zubia-Torres, we required a defendant arguing plain error in the application of § 2L1.2 to make a showing before this court that his earlier conviction did not, in fact, involve drug trafficking conduct. Zubia-Torres, 550 F.3d at 1209.

Our approach contrasts with that of the Fifth Circuit, which has held that the appropriate procedure, upon a finding that the district court misapplied the categorical approach, is to remand to the trial court in order to determine whether the documents of conviction support application of the sentencing enhancement. United States v. Bonilla-Mungia, 422 F.3d 316, 320-21 (5th Cir. 2005).

Castellanos-Barba urges us to use the Fifth Circuit's process when there is a risk that a substantial right has been affected because we, as a court of appeals, are not competent to find facts. See Green v. Post, 574 F.3d 1294, 1304 n.9 (10th Cir. 2009) ("[W]e do not find facts on appeal . . . ."). Further, he points to the conflict between Zubia-Torres, which requires a defendant to supplement the record on appeal, and Fed. R. App. P. 10(e) and 10th Cir. R. 10.3, which confirm our discretion to deny any attempt to

similar statute).

do so.

But, as Castellanos-Barba concedes, the propriety of this court's holding in <u>Zubia-Torres</u>, cannot be contested by another panel of this court.  <u>See</u> <u>In re Smith</u>, 10 F.3d 723, 724 (10th Cir. 1993).  Because Castellanos-Barba has failed to proffer any evidence showing that his conviction was not based on drug trafficking conduct, we must conclude that his substantial rights were not affected.

## III

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge