**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PABLO JAVIER VELETA-
DOMINGUEZ,

Defendant - Appellant.

No. 12-2031

D. New Mexico

(D.C. No. 2:11-CR-02519-WJ-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES, HOLLOWAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel granted the

Appellee's unopposed motion to submit this matter on the briefs. *See* Fed. R.

App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without

oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

## I.   Introduction

Appellant, Pablo Javier Veleta-Dominguez, was charged in a one-count indictment with illegally reentering the United States. He pleaded guilty and was sentenced to a forty-six-month term of imprisonment. Veleta-Dominguez appeals his sentence, arguing the district court erred by increasing his base offense level by sixteen levels based on the conclusion his 2007 Georgia conviction for the state crime of trafficking in cocaine is a "drug trafficking offense" as that term is used in U.S.S.G. § 2L1.2(b). Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **reverse** Veleta-Dominguez's sentence and **remand** for resentencing.

## II.   Background

After Veleta-Dominguez pleaded guilty to a one-count indictment charging him with illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b), a Presentence Investigation Report ("PSR") was prepared by the United States Probation Office. The PSR applied a sixteen-level enhancement to Veleta-Dominguez's base offense level of eight, based on Veleta-Dominguez's 2007 Georgia conviction for trafficking in cocaine. The PSR characterized this Georgia conviction as a drug trafficking offense for which the sentence imposed exceeded thirteen months. *See* U.S.S.G. § 2L1.2(b)(1)(A)(i). Veleta-Dominguez's criminal history score of seven placed him in Criminal History Category IV. Based on the criminal history category and total offense level of

twenty-one,[1] the PSR calculated an advisory guidelines range of fifty-seven to seventy-one months' imprisonment.

Veleta-Dominguez filed a written objection to the PSR, arguing his Georgia conviction was not a drug trafficking offense for purposes of U.S.S.G. § 2L1.2(b). Specifically, he asserted the Georgia statute he was convicted under prohibits simple possession of illegal drugs in addition to their sale, manufacture, and delivery. *See* Ga. Code Ann. § 16-13-31(a)(1) ("Any person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of . . . cocaine . . . commits the felony offense of trafficking in cocaine . . . ."). Thus, Veleta-Dominguez argued, his Georgia conviction is not categorically a drug trafficking offense and the proper approach is to review the indictment and judgment under the modified categorical approach. *See United States v. Torres-Romero*, 537 F.3d 1155, 1158 (10th Cir. 2008) ("When an examination of the statute . . . reveals that it reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy." (quotations omitted)).

The Georgia state indictment charged that Veleta-Dominguez "did knowingly possess four hundred (400) grams or more of a mixture containing at

---

[1]The PSR also decreased Veleta-Dominguez's offense level by three levels, pursuant to U.S.S.G. § 3E1.1(b), based on his acceptance of responsibility.

least ten percent (10%) Cocaine." The judgment disclosed that Veleta-Dominguez pleaded guilty to the lesser included offense of possession of 28-200 grams of cocaine. These documents supported Veleta-Dominguez's argument that he was convicted under the part of the Georgia statute that criminalizes simple possession and, thus, his Georgia conviction does not qualify as a drug trafficking offense for purposes of the § 2L1.2(b)(1)(A) sixteen level enhancement. *See id*. at 1157 ("Simple possession is not a drug trafficking offense."). The district court, however, rejected Veleta-Dominguez's argument, concluding it could infer from the amount of cocaine Veleta-Dominguez possessed in the Georgia matter that he was "a distributor." The court also concluded the structure of the Georgia statute supported the conclusion Veleta-Dominguez was distributing cocaine because his conduct resulted in the imposition of a lengthy mandatory minimum sentence. Accordingly, the court applied the sixteen-level enhancement and sentenced Veleta-Dominguez to forty-six months incarceration.[2] Veleta-Dominguez appeals the sentence.

## III.   Discussion

Veleta-Dominguez argues his sentence is procedurally unreasonable because the district court incorrectly calculated his advisory guidelines range.

---

[2]Because the district court concluded a criminal history category IV overstated Veleta-Dominguez's criminal history, the court varied downward to a criminal history category III.

*See United States v. Hildreth*, 485 F.3d 1120, 1127 (10th Cir. 2007) ("To impose a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range . . . ." (quotation omitted)). Specifically, Veleta-Dominguez asserts his 2007 Georgia conviction is not a drug trafficking offense and thus the court erred by applying the sixteen level increase to his base offense level. "We review de novo a district court's determination that a prior offense is a crime that can trigger a sentence enhancement under U.S.S.G. § 2L1.2(b)." *Torres-Romero*, 537 F.3d at 1157 (quotation omitted).

The Government concedes, and we agree, that the district court erred by applying the sixteen-level enhancement. In *United States v. Herrera-Roldan*, this court rejected the Government's argument that a district court, applying the modified categorical approach, was permitted to infer an intent to distribute illegal drugs from the defendant's underlying conduct even though the state statute at issue made no mention of an intent to distribute. 414 F.3d 1238, 1240 (10th Cir. 2005) (reviewing whether the defendant's Texas conviction for possession of marijuana was a drug trafficking offense meriting a twelve-level enhancement pursuant to U.S.S.G. § 2L1.2(b)). We concluded the inquiry was confined "to the terms of the statute of conviction" and did not extend to the defendant's conduct. *Id.* at 1241 ("The focus is not on the defendant's conduct, but on what the state law prohibits."). Like the statute at issue in *Herrera-Roldan*, the portion of the Georgia statute under which Veleta-Dominguez was

convicted prohibits the possession of cocaine, not possession with the intent to manufacture, import, export, distribute, or dispense. *See* Ga. Code Ann. § 16-13-31(a)(1); U.S.S.G. § 2L1.2 cmt. n.1(B)(iv); *Herrera-Roldan*, 414 F.3d at 1240. Because the district court considered Veleta-Dominguez's underlying conduct to arrive at the conclusion he possessed cocaine with the intent to distribute it, the court erred. Correctly applying the modified categorical approach leads to the conclusion that Veleta-Dominguez's Georgia conviction was for simple possession and, thus, the conviction is not a drug trafficking offense. *See Torres-Romero*, 537 F.3d at 1157.

## IV. Conclusion

The district court's order is **reversed** and the matter **remanded** to the district court for resentencing.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge