**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2013

Lyle W. Cayce
Clerk

No. 12-41418
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN JOSE POSADAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-214-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Jose Posadas appeals the 51-month sentence imposed for his conviction for illegal reentry. He contends that the district court plainly erred by assessing criminal history points under U.S.S.G. § 4A1.1(c) for his prior 90-day suspended sentences for driving with a suspended license.

Since Posadas did not object to the criminal history points in the district court, his claim of error is reviewed for plain error. *See United States v. Henry*, 288 F.3d 657, 664 (5th Cir. 2002). A defendant may receive one criminal history

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

point for each prior sentence for driving with a suspended license so long as "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days." § 4A1.2(c)(1)(A). A totally suspended sentence "shall be counted as a prior sentence under § 4A1.1(c)." § 4A1.2(a)(3).

Posadas contends that neither of his 90-day suspended sentences constitutes a 30-day "term of imprisonment" as required by the plain language of § 4A1.2(c)(1)(A) since each term of imprisonment was totally suspended. For support, he relies on another subsection of § 4A1.2 that defines a "sentence of imprisonment" and states, "If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." § 4A1.2(b)(2).

We rejected this argument in *United States v. Olea-Rivera*, 318 F. App'x 292, 294 (5th Cir. 2009), by holding that any error was not plain because there was no precedent in this circuit that supported the defendant's argument. There is still no precedent in this circuit that supports this argument. Further, other circuits have reached divergent conclusions. *See United States v. Gonzales*, 506 F.3d 940, 945 (9th Cir. 2007); *United States v. Morton*, 239 F. App'x 798, 804 (4th Cir. 2007); *United States v. Hernandez*, 160 F.3d 661, 670-71 (11th Cir. 1998). Thus, Posadas cannot demonstrate that the district court committed any plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court's judgment is AFFIRMED.