# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2011

Lyle W. Cayce
Clerk

No. 10-50835
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN MORALES-ORDAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-108-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ruben Morales-Ordaz (Morales) pleaded guilty to a single count of illegal reentry after deportation, a violation of 8 U.S.C. § 1326, and he was sentenced to 57 months of imprisonment.

Morales first argues that he did not receive notice that a prior Texas conviction would be used to justify a 16 level enhancement for deportation following a conviction for a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). Because Morales did not object on this basis below, plain error review applies.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50835

To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* However, Morales has not shown any error, plain or otherwise. The Sentencing Guidelines themselves put counsel on notice that all grounds for enhancement are at issue in the sentencing hearing. *United States v. Knight,* 76 F.3d 86, 89 (5th Cir. 1996). The inclusion of an enhancement in the PSR also provides sufficient notice to the defendant to satisfy due process concerns. *See United States v. Pearson,* 910 F.2d 221, 223 (5th Cir. 1990).

Morales also argues that the district court erred in finding that his prior Texas conviction for burglary of a habitation qualified as a crime of violence. Although Morales did not raise this issue below, the district court addressed the question and found that this prior conviction was a crime of violence. Even if we assume that plain error does not apply in this instance because the district court addressed the issue, Morales has not shown that the district court erred.

In assessing whether a prior conviction qualifies as a crime of violence, we employ a categorical approach, looking to the elements of the offense as defined by the statute rather than to the facts of the defendant's conduct. *United States v. Carbajal-Diaz*, 508 F.3d 804, 807-08 (5th Cir. 2007). For an enumerated offense, such as burglary of a dwelling, we compare the elements of the state offense to the generic, contemporary meaning of the enumerated offense. *Id.* at 810. We may look to certain adjudicative records, such as the charging document, written plea agreement, transcript of the plea colloquy, and facts admitted by the defendant, if necessary to determine the facts necessary to the verdict or the plea when analyzing whether the prior offense constitutes an enumerated offense. *See id.* at 807-09.

No. 10-50835

It is unclear from the indictment whether Morales was convicted under Texas Penal Code § 30.02(a)(1), which does qualify as a crime of violence, or § 30.02(a)(3), which does not qualify as a crime of violence, because the indictment appears to track the language of both subsections. However, the judgment specifies that Morales was convicted of first degree burglary of a habitation, which is defined in § 30.02(d). The version of § 30.02(d) in effect at the time of Morales's prior offense stated that burglary is a first-degree felony if "any party to the offense entered the habitation with intent to commit a felony." § 30.02(d) (1994). Because § 30.02(a)(1) also requires intent at the time of entry and § 30.02(a)(3) does not, it is apparent that Morales was convicted under § 30.02(a)(1). Because a conviction under that subsection constitutes a crime of violence, *see United States v. Garcia-Mendez,* 420 F.3d 454, 456-57 (5th Cir. 2005), the district court did not err in imposing the 16-level enhancement.

AFFIRMED.