# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

No. 12-50090
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

STEPHEN EIKELBOOM,

Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-7-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Stephen Eikelboom appeals following his conditional guilty-plea conviction for manufacturing a controlled substance and his sentence of 200 months of imprisonment and five years of supervised release. He challenges the district court's denial of his motion to withdraw his guilty plea, the district court's denial of his motions to suppress the evidence found at his residence, and the district court's determination that he is a career offender for purposes of United States Sentencing Guidelines (U.S.S.G.) § 4B1.1(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A defendant does not have an absolute right to withdraw a guilty plea but may be allowed to do so on a showing of "a fair and just reason." *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). We review the district court's decision whether to permit withdrawal of a guilty plea for an abuse of discretion. *Id.* In this case, our examination of the record shows that none of the factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), weigh in Eikelboom's favor and that most of the factors weigh against the withdrawal of his guilty plea. The district court therefore did not abuse its discretion by denying his motion to withdraw his guilty plea.

We review the district court's factual findings on a motion to suppress for clear error and the district court's ultimate conclusions as to whether the Fourth Amendment was violated de novo. *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010). We view the evidence in the light most favorable to the prevailing party unless that view is inconsistent with the trial court's findings or is clearly erroneous in light of the evidence as a whole. *Id.* The clearly erroneous standard is even more deferential when, as in this case, the denial of the suppression motion is based upon live oral testimony. *Id.* We should affirm a district court's denial of a suppression motion "if there is any reasonable view of the evidence to support it." *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (quoting *United States v. Register*, 931 F.2d 308, 312 (5th Cir. 1991)) (internal quotation marks omitted).

A warrantless intrusion into an individual's home is permissible if "probable cause and exigent circumstances justify the search." *United States v. Troop*, 514 F.3d 405, 409 (5th Cir. 2008) (quoting *United States v. Gomez-Moreno*, 479 F.3d 350, 354 (5th Cir. 2007)). Eikelboom argues that no exigent circumstances existed to justify the warrantless search of his residence. However, based upon the testimonial evidence presented at the suppression hearing, exigent circumstances existed because there was a danger that accomplices could have been inside Eikelboom's residence, which posed a risk of

harm to the officers as well as a risk of destruction of evidence. A reasonable view of the evidence supports the district court's denial of Eikelboom's motion to suppress challenging the warrantless search of his residence. *See Michelletti*, 13 F.3d at 841.

Eikelboom also argues that the search warrant for his residence violated his Fourth Amendment rights because the search warrant affidavit lacked any indicia of probable cause and the magistrate judge lacked a substantial basis for concluding that probable cause existed. The ultimate determination of the affidavit's adequacy is entitled to great deference on review. *United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987). In light of that great deference coupled with the similarity of this affidavit to affidavits found sufficient in other cases, we uphold the district court's finding that the good faith exception is applicable in this case. *See United States v. Garcia*, 27 F.3d 1009, 1013-14 (5th Cir. 1994); *United States v. McKnight*, 953 F.2d 898, 904-05 (5th Cir. 1992).

Finally, Eikelboom contends that the district court erred by sentencing him as a career offender pursuant to § 4B1.1. Although he concedes that he has one prior Texas conviction for burglary of a habitation that qualifies as a crime of violence (COV), he asserts that his two other Texas convictions for burglary of a habitation do not qualify as COVs as defined in U.S.S.G. § 4B1.2(a)(2). We review de novo whether a prior conviction constitutes a COV. *United States v. Stoker*, 706 F.3d 643, 646 (5th Cir. 2013).

We employ a categorical approach to determine whether a particular offense constitutes a crime of violence by deriving the "generic, contemporary meaning" of the undefined, enumerated offense and looking at the elements of the statute of conviction rather than at the defendant's specific conduct. *United States v. Murillo-Lopez*, 444 F.3d 337, 339 (5th Cir. 2006); *see also United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (per curiam). Eikelboom's two prior Texas convictions at issue in this case were for burglary of a habitation under Texas Penal Code § 30.02 (West 1993). We have previously held that a Texas

conviction for burglary of a habitation under § 30.02(a)(1) constitutes a COV. *United States v. Silva*, 957 F.2d 157, 162 (5th Cir. 1992) (holding that § 30.02(a)(1) is a "violent felony" under 18 U.S.C. § 924(e)); *see also James v. United States*, 550 U.S. 192, 206 (2007) (noting that the definition of "crime of violence" for a career offender enhancement "closely tracks" the definition of "violent felony" set forth at § 924(e)).  However, a conviction under § 30.02(a)(3) does not constitute a COV because that statutory subsection does not require entry with an intent to commit a felony, theft, or assault.  *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008) (per curiam) (discussing § 30.02(a)(3) in the § 924(e) context).  Because this statute has disjunctive subsections, we may look to the allegations in the charging instrument, but only to ascertain under which statutory subsection the defendant was convicted. *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012).

The first paragraphs of both state indictments track the language of the version of § 30.02(a)(1) in effect at that time, and the second paragraphs track the language of the version of § 30.02(a)(3) in effect at that time.  The judgments do not specify the underlying subsection to which Eikelboom pleaded guilty. Under Texas law, a guilty plea is an admission of only those facts needed to support the conviction. *United States v. Morales-Martinez*, 496 F.3d 356, 359-60 (5th Cir. 2007).  The Government argues that we should follow *United States v. Morales-Ordaz*, 427 F. App'x 319 (5th Cir. 2011), to conclude that Eikelboom's conviction of a first-degree felony under § 30.02(d) proves that he was convicted under § 30.02(a)(1).  However, unlike the version of § 30.02(d) relied upon in *Morales-Ordaz*, the version of § 30.02(d) applicable to Eikelboom's offenses did not contain any language specifying that a first-degree felony required intent at the time of entry. *See* § 30.02(d) (West 1993).  Because Eikelboom could have pleaded guilty to facts supporting a conviction under § 30.02(a)(3), the district court erred in using either of Eikelboom's prior burglary convictions as a predicate offense for the career offender enhancement provided at § 4B1.1. *See*

*Constante*, 544 F.3d at 587; *United States v. Beltran-Ramirez*, 266 F. App'x 371, 372 (5th Cir. 2008).

As argued by Eikelboom, if the district court had not determined that he was a career offender under § 4B1.1(b), his criminal history category would have been V and his total offense level would have been 31, thereby resulting in an advisory guidelines range of 168 to 210 months of imprisonment. Although the district court imposed a sentence of 200 months of imprisonment, Eikelboom argues that the district court could have imposed a lower sentence if it had started with the correct guidelines range.

A procedural sentencing error is harmless if the error did not affect the district court's selection of the sentence imposed. *United States v. Harris*, 597 F.3d 242, 261 (5th Cir. 2010). Although the Government bears the burden of showing that the district court's misapplication of the Guidelines was harmless, it argues only that the error was harmless because the district court imposed a downward variance. The record is unclear as to whether the district court would have imposed the same sentence if it had begun with the correct guidelines range. Because we cannot conclude that the guidelines error was harmless, we must vacate the sentence and remand for resentencing. *See United States v. Roussel*, 705 F.3d 184, 202-03 (5th Cir. 2013). We affirm Eikelboom's conviction and the district court's denials of his motion to withdraw his guilty plea and his motions to suppress.

AFFIRMED in part, VACATED and REMANDED in part.